LA SUCESIÓN DE JUAN BAUTISTA DOMINGO ANTONIO PELLICCIA Y MORATTI, COMPUESTA DE SU VIUDA DOÑA MARIANA PELLICCIA E HIJOS FRANCISCO A., ESTEBAN Y MAGDALENA PELLICCIA, peticionaria, *v.* LA CORTE DE DISTRITO DE PONCE, HON. ANGEL ACOSTA QUINTERO, Juez, demandado.

No. 565.—*Visto:* Marzo 28, 1927. *Resuelto:* Abril 29, 1927.

1. ALBACEAS Y ADMINISTRADORES—NOMBRAMIENTO, CONDICIONES *(Qualifications)* Y TÉRMINO DEL CARGO—TERMINACIÓN DEL ALBACEAZGO — CAUSAS—HEREDEROS ACORDES RESPECTO A LA PARTICIÓN Y DIVISIÓN DE LA HERENCIA.—Cuando los

herederos todos, mayores de edad, están acordes respecto a la partición y división de la herencia y solicitan de la corte se dé por terminado el albaceazgo y se entreguen los bienes en poder del albacea, ésta debe dar por terminado dicho albaceazgo.

2. Albaceas y Administradores—Nombramiento, Condiciones *(Qualification)* y Término del Cargo—Terminación del Albaceazgo—Partes en el Procedimiento—Personas Extrañas a los Herederos.—Como sólo a los herederos testamentarios interesa la solicitud de que el albaceazgo termine, no puede darse intervención en ella a personas extrañas a aquéllos, aunque éstas ataquen la validez del testamento.

*Certiorari* para revisar resolución de *Angel Acosta Quintero,* J. (Ponce), dando intervención a ciertos litigantes, personas extrañas a los herederos, en procedimiento para la terminación del albaceazgo. *Anulada la resolución.*

*López de Tord & Zayas Pizarro,* abogados de la peticionaria; *Francisco Parra,* abogado de María Diana Pelliccia, demandante en el pleito principal; *Leopoldo Tormes,* abogado del albacea Angel María Pelliccia.

El Juez Asociado Señor Franco Soto, emitió la opinión del tribunal.

Juan Bautista Domingo Antonio Pelliccia y Moratti falleció en Maricao el 19 de noviembre de 1926, bajo testamento abierto que otorgó en agosto 14, 1882, y en el cual instituyó como únicos herederos a los peticionarios y nombró entre sus albaceas, en primer lugar, a Angel María Pelliccia. Este albacea aceptó su cargo y solicitó de la corte inferior la expedición de cartas testamentarias, accediendo a ello la corte por resolución de diciembre 2, 1926 autorizándole para tomar posesión de los bienes de la herencia y demás actuaciones determinadas por la ley.

En marzo 5, 1927, los peticionarios, como tales herederos del finado, presentaron una moción a la corte inferior para que diera por terminado el albaceazgo y se ordenase al albacea Angel María Pelliccia la entrega inmediata a los herederos de todo el dinero y demás efectos y valores que tiene en su poder y pertenecen a la herencia, alegando para ello: que los peticionarios son los únicos herederos del causante Pelliccia y Moratti; que todos son mayores de edad, estando

acordes respecto a la partición y división de la herencia, habiendo firmado ya un documento de conformidad entre todos, haciendo la distribución; que no existen deudas contra la herencia a favor de terceras personas; y que los herederos están en posesión de los bienes inmuebles, con excepción de dinero y otros valores que están en posesión del albacea y de los cuales se pide su entrega a los herederos.

La corte inferior, en marzo 8, 1927, proveyó a la moción, señalando una comparecencia para oír al albacea y disponiendo *mero motu* que fueran citados a la misma los litigantes en un pleito que fué radicado ante· la corte bajo el No. 1546, donde se pide la nulidad de la institución testamentaria hecha por el causante Pelliccia y Moratti. En la misma fecha los peticionarios solicitaron la reconsideración de la orden anterior y a esta moción la corte inferior dictó resolución que en parte, dice:

"... La corte ha resuelto oír a las partes en sus derechos respectivos y resolverá el caso éste el próximo lunes; no quedan nada más que dos o tres días para poderse resolver el caso. La corte cree que la parte puede tener su derecho expedito, que podrá ser ejercitado por la parte que representan los Sres. López de Tord y Zayas Pizarro. Puede solicitarse que se ordene todo lo que proceda. La corte entiende, dentro de su discreción, y por las consecuencias que puedan surgir en el porvenir, que debe aplazar, como aplaza, toda resolución hasta tanto se oiga a las partes."

De estas resoluciones es que los peticionarios se quejan mediante *certiorari.*

[1, 2] El cargo de albacea, si no se dispone de otro modo en el testamento, responde solamente a una situación provisional transitoria, que se presenta desde la muerte del testador y comprende ciertas medidas que se han de tomar en relación con los bienes, entretanto se acepte la herencia por los herederos y no haya oposición entre ellos para la división del caudal. El Código Civil Revisado prevé la situación y trata de la institución de albacea y sus funciones desde el

artículo 866 al 885.   Sus facultades y deberes se especifican en los artículos 876 y 877, que prescriben:

"Art. 876.—No habiendo el testador determinado especialmente las facultades de los albaceas, tendrán las siguientes:

"1.—Disponer y pagar los sufragios y el funeral del testador con arreglo a lo dispuesto por él en el testamento; y en su defecto, según la costumbre del pueblo.

"2.—Satisfacer los legados que consistan en metálico, con el conocimiento y beneplácito del heredero.

"3.—Vigilar sobre la ejecución de todo lo demás ordenado en el testamento, y sostener, siendo justo, su validez en juicio y fuera de él.

4.—Tomar las precauciones necesarias para la conservación y custodia de los bienes, con intervención de los herederos presentes.

"Art. 877.—Si no hubiere en la herencia dinero bastante para el pago de funerales y legados, y los herederos no lo aprontaren de lo suyo, promoverán los albaceas la venta de los bienes muebles; y no alcanzando éstos, la de los inmuebles, con intervención de los herederos.

"Si estuviere interesado en la herencia algún menor, ausente, corporación o establecimiento público, la venta de los bienes se hará con las formalidades prevenidas por las leyes para tales casos.'"

Estas disposiciones provienen del antiguo código, que contiene iguales prescripciones en los artículos 892 al 911, y ellas a su vez están relacionadas con preceptos de la antigua Ley de Enjuiciamiento Civil española.   Esto puede verse del comentario que hace Manresa de las facultades y deberes de los albaceas, el que, entre otras cosas, dice:

"La citada facultad y al mismo tiempo obligación de los albaceas, cesa, como es lógico, cuando una vez cumplido su cometido haya herederos aceptantes, o cuando se nombra judicialmente un administrador con arreglo al art. 1020 del Código o al 966, No. 3º, ó 1069 de la ley de Enjuiciamiento Civil."   Comentarios al Código Civil, tomo 6, pág. 763, 4a. edición.

El Código de Enjuiciamiento Civil, vigente desde marzo primero, 1904, fué aprobado sin incluirse en él ninguna de las materias que se refieren a los juicios de abintestatos y

testamentarías de la antigua ley; pero todo ello fué comprendido en la ley referente a procedimientos legales especiales, aprobada en marzo 9, 1905, y el artículo 71 de dicha ley, tal como fué enmendado en marzo 8, 1906, Leyes de 1906, pág. 182, dice en lo pertinente así:

"Aprobadas definitivamente las particiones cada una de las partes interesadas tendrá derecho a una copia certificada del auto definitivo de la divisoria, que deberá contener todos los requisitos necesarios para la inscripción en el Registro de la Propiedad, declarando tales documentos títulos inscribibles. Dictado que fuere el auto definitivo, se pondrá a los herederos en posesión de la porción de bienes que respectivamente les hubiere sido adjudicada; *Disponiéndose,* que cuando los herederos, siendo todos mayores de edad, hubiesen manifestado a la Corte que están acordes respecto a la partición o división de la herencia, no tendrá aplicación lo prevenido en las disposiciones precedentes de este título, y se les hará entrega inmediata de los bienes hereditarios por el albacea o administrador en cuyo poder se hallen. . . ."

El *disponiéndose* de este precepto es concordante con el art. 1046 de la antigua Ley de Enjuiciamiento Civil, que dice como sigue:

"En cualquier estado del juicio voluntario de testamentaría podrán los interesados separarse de su seguimiento y adoptar los acuerdos que estimen convenientes.

"Para este efecto se considerarán como interesados, además de los herederos y legatarios, los acreedores que hubieren promovido el juicio, y el cónyuge sobreviviente.

"Cuando lo solicitaren de común acuerdo, deberá el Juez sobreseer en el juicio y poner los bienes a disposición de los herederos."

En el presente caso aparece que los herederos son mayores de edad; que han manifestado a la corte que están acordes respecto a la partición o división de la herencia y solicitan que se declare por terminado el cargo de albacea y que como consecuencia se les haga la entrega inmediata de todos los bienes hereditarios en cuyo poder se hallen. El derecho de los peticionarios parece claro de acuerdo con lo que hemos

visto del artículo 71, *supra,* y su solicitud solamente interesa a los herederos que han sido instituídos por el testador Pelliccia y Moratti en su testamento, y ninguna relación tienen en ese respecto personas extrañas, las que aunque ataquen la validez del testamento, ningún derecho tienen declarado y a ellas es a quienes compete solicitar y obtener el remedio legal preventivo para la seguridad de los bienes hereditarios en caso de prosperar su demanda.   El juez inferior no tenía autoridad para darle intervención a los litigantes en el pleito No. 1546 como base para resolver la moción de los litigantes, y asimismo, dados los términos del artículo 71, debió dar por terminado el albaceazgo de acuerdo con lo solicitado por los peticionarios.

Por todo lo expuesto debe anularse la resolución de marzo 8, 1927.